UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Robert Alvarez )<br>1419 Southeast 43rd Terrace )<br>Ocala, FL 34471, )<br>individually, and on behalf of all others )<br>similarly situated, )<br>)<br>            Plaintiff, )<br>)<br>  v. )<br>)<br>CIGNA and )<br>The Insurance Company of North America, )<br>)<br>            Defendants. ) | Civil Action No. 1:06CV00145<br><br>THE HONORABLE<br>EMMET G. SULLIVAN |

## MOTION OF SPECIALLY APPEARING DEFENDANT CIGNA TO QUASH SUMMONS AND TO DISMISS THE COMPLAINT

Specially Appearing Defendant CIGNA, by and through the undersigned counsel, moves for an order quashing the summons and dismissing the Complaint pursuant to Rules 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure. In support thereof Defendant respectfully states the following:

1. Plaintiff's Class Action Complaint (the "Complaint") was filed with this Court on January 27, 2006. A copy of the Complaint is attached to the Memorandum of Law accompanying this Motion as Exhibit A. The Complaint names CIGNA and the Insurance Company of North America as Defendants. Plaintiff attempted to serve CIGNA Corporation with the Summons and Complaint.

2. Federal Rule of Civil Procedure 12(b)(5) allows the Court to dismiss the Complaint where the Court lacks personal jurisdiction over a defendant. Rule 12(b)(2) allows the Court to dismiss the Complaint where the defendant was not properly served.

3. As the Memorandum of Law accompanying this Motion and the Affidavit of Franklin Barlow (the "Barlow Affidavit"), attached to the Memorandum of Law accompanying this Motion as Exhibit B[1] amply demonstrate, CIGNA is not a legal entity, this Court lacks personal jurisdiction over CIGNA, and CIGNA was not and could not be properly served.

4. In the Complaint, Plaintiff alleges that "CIGNA is a publicly traded insurance company headquartered in Philadelphia, Pennsylvania." Complaint at ¶ 11.

5. However, CIGNA is a federally registered service mark owned by CIGNA Intellectual Property, Inc. and licensed for use by CIGNA Corporation and its subsidiaries. Barlow Aff. at ¶ 5. When used in connection with the provision of a product or service, CIGNA always refers to a subsidiary. *Id.* at ¶ 5. CIGNA is not a corporation, partnership, association, nor any other type of legal entity. *Id.* at ¶ 6. CIGNA has none of the indicia of a legal entity. *Id.* at ¶ 6.

6. This Court lacks personal jurisdiction over CIGNA because it is not a legal entity and therefore can neither sue nor be sued.

7. Because CIGNA is a service mark and therefore does not have any officers or agents,[2] Plaintiff did not and could not properly serve CIGNA with the Summons and Complaint. Because Plaintiff failed to effectuate service of process on CIGNA, CIGNA must be dismissed from this action.

---

[1] References to the Franklin Barlow Affidavit shall be "Barlow Aff. at ____."

[2] *See* Barlow Aff. at ¶ 6.

8. Amending the Complaint to name CIGNA Corporation as a defendant in place of CIGNA would be futile because the Complaint does not allege, and cannot allege, that CIGNA Corporation was involved in any of the alleged wrongdoing.

**WHEREFORE**, Specially Appearing Defendant CIGNA respectfully requests that the Court enter an Order quashing the summons and dismissing the Complaint with prejudice.

Dated: March 22, 2006                    Respectfully submitted,

/s/ James F. Jorden
James F. Jorden (D.C. Bar No. 37598)
Raul A. Cuervo (D.C. Bar No. 463718)
JORDEN BURT LLP
1025 Thomas Jefferson Street, N.W.
Suite 400 East
Washington, DC 20007-5208
Telephone: 202-965-8100
Facsimile: 202-965-8104

Counsel for Defendants CIGNA and The Insurance Company of North America

DC# 154788 v1