UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Robert Alvarez<br>1419 Southeast 43rd Terrace<br>Ocala, FL 34471,<br>individually, and on behalf of all others<br>similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>CIGNA and<br>The Insurance Company of North America,<br><br>        Defendants. | Civil Action No. 1:06CV00145<br><br>THE HONORABLE<br>EMMET G. SULLIVAN |

**MEMORANDUM IN SUPPORT OF MOTION OF
SPECIALLY APPEARING DEFENDANT CIGNA TO
QUASH SUMMONS AND TO DISMISS THE COMPLAINT**

## I. INTRODUCTION

Plaintiff filed his Class Action Complaint ("Complaint") on January 27, 2006.[1] He has named as defendants the Insurance Company of North America ("INA") and CIGNA ("CIGNA"). In the Complaint, the Plaintiff alleges that CIGNA and INA sold Plaintiff and other members of the putative class coverage under a long-term care insurance ("LTC") policy. Complaint at ¶ 3. The Complaint also alleges that the long-term care insurance product was "defective" due to its under-pricing. *Id.* at ¶ 4. Plaintiff asserts causes of action for actual fraud, constructive fraud, unlawful trade practices, breach of the implied covenant of good faith and fair dealing, and punitive damages. *Id.* at ¶¶ 65-98.

---

[1] A copy of the Complaint is attached hereto as Exhibit A.

For the reasons stated herein, the Complaint against CIGNA must be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) and (5).[2] First, Plaintiff cannot establish proof of service upon CIGNA. Second, CIGNA does not possess the capacity to be sued because it is a federally registered service mark without a legal existence. Finally, CIGNA is a registered service mark, which cannot have contacts, much less, sufficient contacts with the District of Columbia for the Court to exercise personal jurisdiction over it. In addition, any amendment of the Complaint to name CIGNA Corporation ("CIGNA Corporation") as a defendant would be futile. For these reasons, the summons should be quashed and the Complaint dismissed, with prejudice, as to CIGNA.

## II.   STATEMENT OF FACTS

In his Complaint, the Plaintiff alleges that "CIGNA is a publicly traded insurance company headquartered in Philadelphia, Pennsylvania." Complaint at ¶ 11. CIGNA is a federally registered service mark and not a separate legal entity capable of suit, as discussed below and explained in the Affidavit of Franklin Barlow (the "Barlow Affidavit"), attached hereto as Exhibit B.[3] Though the Plaintiff named CIGNA as a defendant in the Complaint, he attempted service on CIGNA Corporation with the Complaint. Defendant CIGNA, however, has never been served, nor could a non-entity be served. CIGNA is not a legal entity, does not exist, and is merely a registered service mark of CIGNA Intellectual Property, Inc., licensed for use by CIGNA Corporation and its subsidiaries. Barlow Aff. at ¶ 5. When used in connection with the provision of a product or service, CIGNA always refers to a subsidiary. *Id.* CIGNA is not a

---

[2] Defendants INA and CIGNA have also filed a motion to dismiss pursuant to Fed. R. Civ. P. Rule 12(b)(6) on the grounds that the Complaint fails to state a claim upon which relief can be granted. Both Defendants have also filed a Motion to Transfer Venue to the Eastern District Court of Pennsylvania.

[3] References to the Barlow Affidavit shall be "Barlow Aff. at ___."

corporation, partnership, association, nor any other type of entity. *Id.* at ¶ 6. Simply put, CIGNA has none of the indicia of a legal entity.

The entity that was attempted to be served, CIGNA Corporation, is a holding company and is not an insurance or operating company. *Id.* at ¶ 8. CIGNA Corporation has never underwritten, issued or marketed insurance. *Id.* Finally, the Plaintiff has not, and cannot allege, that CIGNA Corporation was involved in any way in the alleged actions detailed in the Complaint.

### III.  ARGUMENT

The Plaintiff has specifically sued CIGNA, which is simply a registered service mark. CIGNA, therefore, could not "act" on behalf of and is not an agent of CIGNA Corporation or any of its subsidiaries. CIGNA is only a registered service mark, and therefore, CIGNA could not be properly served, cannot have contact with the District of Columbia in connection with the allegations of the Complaint, nor could it have availed itself of the privileges and benefits of the laws of the District of Columbia sufficient to confer personal jurisdiction.

**A.  CIGNA Is Not Subject To This Court's Jurisdiction Because It Is Not A Legal Entity.**

"It is hornbook law that a nonexistent entity may neither sue nor be sued." *United States v. Basler Turbo-67 Conversion DC-3 Aircraft*, 906 F. Supp. 1332, 1334 (D. Ariz. 1995), *rev'd and remanded on other grounds*, 78 F.3d 595 (9th Cir. 1996). *See also Quanaim v. Frasco Rest. & Catering*, 17 S.W.3d 30, 42 (Tex. App. 2000) ("[c]ivil suits . . . may be maintained only by or against parties having an actual or legal existence" (citations omitted)). As a result, "[w]here the defendant has no legal existence, the action is also a nullity and cannot confer jurisdiction on a court." *Leffler v. Family Self-Serv. Car Wash*, No. 560454, 2002 WL 1150783, *1 (Conn. Super. Ct. May 3, 2002).

As an initial matter, because CIGNA is a registered service mark and not a legal entity, CIGNA could not have contacts with the District of Columbia or any other forum. CIGNA is not a corporation, partnership or association. Barlow Aff. at ¶ 6. CIGNA has never sold goods or services of any kind. *Id.* at ¶ 7. CIGNA is not and never has been an insurance company; it has never sold, underwritten, issued or marketed insurance of any kind. *Id.* Moreover, CIGNA has not solicited, negotiated or entered into any insurance policy or contract, nor charged, collected or contracted to collect insurance premiums. *Id.* CIGNA has none of the indicia of a legal entity and courts do not have jurisdiction over registered service marks. *See Von Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285, 1301 (S.D. Cal. 2003) (the use of a common trade name is not a sufficient basis for establishing jurisdiction) (citing *In re Ski Train Fire in Kaprun, Austria on Nov. 11, 2000*, 230 F. Supp. 2d 403, 411 (S.D.N.Y. 2002)). Therefore, the Complaint as it pertains to CIGNA must be dismissed because it is merely a registered service mark, it does not exist as a legal entity and this Court thus does not have personal jurisdiction over it.

> **B.  Plaintiff's Service Upon CIGNA Corporation Is Insufficient To Grant This Court Personal Jurisdiction Over "CIGNA."**

Plaintiff sued CIGNA, but failed to properly effectuate service of process on CIGNA, nor could it. "To exercise jurisdiction over a corporation, service of process must be made upon an 'officer, a managing or general agent, or to any agent authorized by appointment or by law to receive service.'" *Rogers v. Wash. Fairmont Hotel*, 404 F. Supp. 2d 56, 57 (D.D.C. 2005) (quoting Fed. R. Civ. P. 142 (b)(5)). While Plaintiff named CIGNA as a defendant, Plaintiff attempted service on CIGNA Corporation with the Summons and Complaint. It follows logically, that Plaintiff failed to effectuate service of process on CIGNA because Plaintiff did not serve "an officer, a managing or general agent, or to any agent authorized by appointment or by law to receive service" on behalf of CIGNA. Fed. R. Civ. P. 12(b)(5).

4

### C. Amending the Complaint to Substitute CIGNA Corporation for CIGNA Would Be Futile.

The Complaint cannot be amended to substitute CIGNA Corporation as a defendant in place of CIGNA. The Complaint does not allege, and cannot allege, that CIGNA Corporation was involved in any of the alleged wrongdoing.

CIGNA Corporation is a holding company and is not an insurance company. Barlow Aff. at ¶ 8. Products and services are provided exclusively by subsidiaries and not by CIGNA Corporation. *Id.* Consequently, CIGNA Corporation was not involved in any way with the allegations in the Complaint.

**WHEREFORE**, Defendants respectfully request that the Court enter an Order quashing the summons and dismissing CIGNA from this action.

Dated: March 22, 2006                    Respectfully submitted,

/s/ James F. Jorden
James F. Jorden (D.C. Bar No. 37598)
Raul A. Cuervo (D.C. Bar No. 463718)
JORDEN BURT LLP
1025 Thomas Jefferson Street, N.W.
Suite 400 East
Washington, DC 20007-5208
Telephone: 202-965-8100
Facsimile: 202-965-8104

Counsel for Defendants CIGNA and The Insurance Company of North America

## **CERTIFICATE OF SERVICE**

I hereby certify that true and correct copies of the foregoing Motion To Quash Summons And Dismiss The Complaint, Memorandum In Support of Motion To Quash Summons And Dismiss The Complaint, and Proposed Order were served via electronic filing on this 22nd day of March, 2006, upon the following:

>Edgar N. James, Esq.
>JAMES & HOFFMAN, P.C.
>1101 Seventeenth St., N.W., Suite 510
>Washington, D.C. 20036

and by first class mail, postage paid, on the following:

>Allan Kanner, Esq.
>Conlee S. Whiteley, Esq.
>KANNER & WHITELEY
>701 Camp Street
>New Orleans, LA 70130

>Timothy Q. Purdon, Esq.
>Monte L. Rogneby, Esq.
>VOGEL LAW FIRM
>200 North 3rd Street, Suite 201
>P.O. Box 2097
>Bismarck, ND 58502-2097

>Perry Pearce Benton, Esq.
>32516 Sandpiper Drive
>Orange Beach, AL 36561-5728

>/s/ James F. Jorden
>James F. Jorden

#154701 v2