# EXHIBIT B

# AFFIDAVIT OF FRANKLIN BARLOW

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Robert Alvarez<br>1419 Southeast 43rd Terrace<br>Ocala, FL 34471,<br>individually, and on behalf of all others<br>similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>CIGNA and<br>The Insurance Company of North America,<br><br>        Defendants. | Civil Action No. 1:06CV00145<br><br><br><br><br>THE HONORABLE<br>EMMET G. SULLIVAN |

## AFFIDAVIT OF FRANKLIN BARLOW

Commonwealth of Pennsylvania )
                                      ) ss.
County of Philadelphia           )

I, Franklin Barlow, declare:

1. I am Accounting Director, CIGNA Corporation. I am over the age of 18 and have personal knowledge of the facts stated herein and, if called upon to testify, I could and would testify competently thereto.

2. I am familiar with the allegations and claims asserted by Plaintiff. In his Complaint, Plaintiff names as a defendant CIGNA ("CIGNA") and alleges that "CIGNA is a publicly traded company headquartered in Philadelphia, Pennsylvania." (Complaint at ¶ 11)

3. CIGNA Corporation is not named as a party to this action.

4. I am familiar with the organization of certain companies which utilize the CIGNA service mark in some aspects of their businesses.

5. CIGNA is a registered service mark of CIGNA Intellectual Property, Inc., licensed for use by CIGNA Corporation and its subsidiaries. When used in connection with the provision of a product or service, "CIGNA" always refers to the subsidiary of CIGNA Corporation that provides that product or service.

6. CIGNA is not an individual, executor, administrator, or other personal representative, corporation, partnership, association, or other legal or commercial entity. It is not authorized to do business anywhere, including the District of Columbia, and has no employees, officers or directors.

7. CIGNA, which is not an entity, cannot engage in trade or commerce, is not engaged in trade or commerce, and did not and does not sell goods or services of any kind in the District of Columbia or any state. CIGNA, which is not an entity, cannot be, is not, and never has been an insurance company. CIGNA, which is not an entity, cannot sell, underwrite, issue or market insurance of any kind and has never sold, underwritten, issued or marketed insurance of any kind. CIGNA, which is not an entity, cannot solicit, negotiate or issue any insurance policy or contract, and has not solicited, negotiated or issued any insurance policy or contract. CIGNA, which is not an entity, cannot charge, collect or contract to collect insurance premiums and has not charged, collected or contracted to collect insurance premiums.

8. CIGNA Corporation has its principal place of business in Philadelphia, Pennsylvania. CIGNA Corporation is a holding company and is not an insurance or operating company. CIGNA Corporation has not underwritten, issued or marketed insurance. Products

and services provided in association with the CIGNA service mark are provided exclusively by subsidiaries of CIGNA Corporation and not by CIGNA Corporation itself.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on the 20 day of March, 2006.

_____
Franklin Barlow

Subscribed and sworn to before me this 20th day of March, 2006.

_____
Notary Public

My Commission expires:

DC# 154491 v1

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Anne J. DiFabio, Notary Public
City of Philadelphia, Philadelphia County
My Commission Expires Dec. 12, 2007

Member, Pennsylvania Association of Notaries

3