UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| Robert Alvarez,<br>1419 Southeast 43rd Terrace,<br>Ocala, FL 34471,<br>individually, and on<br>behalf of all others similarly<br>situated,<br><br>    Plaintiff,<br><br>v.<br><br>CIGNA and<br>The Insurance Company of<br>North America,<br><br>    Defendants. | Civil Case No. 1:06CV00145<br><br><br>The Honorable<br>Emmet G. Sullivan |

**PLAINTIFF'S BRIEF IN RESPONSE TO DEFENDANT CIGNA'S MOTION TO QUASH SUMMONS AND TO DISMISS THE COMPLAINT**

JAMES & HOFFMAN
EDGAR N. JAMES
(D.C. Bar No. 333013)
Amy Fettig, Esq.
(D.C. Bar No. 484883)
1101 Seventeenth St. N.W., Suite 510
Washington, DC 20036

VOGEL LAW FIRM
TIMOTHY Q. PURDON (ND#05392)
MONTE L. ROGNEBY (ND#05029)
200 North 3rd Street, Suite 201
P.O. Box 2097
Bismarck, ND 58502-2097
(701) 258-7899

KANNER & WHITELEY
ALLAN KANNER (LA#20580)
CONLEE S. WHITELEY (LA#22678)
701 Camp Street
New Orleans, LA 70130

PERRY PEARCE BENTON, ESQ.
(Bar No. ASB-2159-N66P)
32330 Sandpiper Dr.
Orange Beach, AL 36561
(251) 980-2640

Attorneys for Plaintiff

## TABLE OF CONTENTS

|  | Page |
|---|---|
| BACKGROUND | 1 |
| LAW AND ARGUMENT | 3 |
|    I. Amendment of the Complaint is Proper | 3 |
|    II. Justice Requires the Plaintiff Alvarez be Permitted to Amend His Complaint | 5 |
|    III. Alvarez's Allegations Against CIGNA Corporation Should Not be Dismissed. | 9 |
| CONCLUSION | 12 |

### EXHIBITS

Exhibit 1, Affidavit of Timothy Q. Purdon

i

TABLE OF AUTHORITIES

Page

**Chief Cases**

Adams v. Quattlebaum, 219 F.R.D. 195, 196 (D.D.C. 2004) .................................... 3

Auster Oil & Gas Inc. v. Stream, 764 F.2d 381, 386 (5th Cir. 1985)) ........................ 9

Bowden v. U.S., 176 F.3d 552, 555 (D.C. Cir. 1999) ................................................ 3

Brever v. Rockwell Int'l Corp., 40 F.3d 1119, 1131 (10th Cir. 1994) ...................... 4

Centifanti v. Nix, 865 F.2d 1422, 1431 (3rd Cir. 1989) .............................................. 4

Chrysler Corp. v. Fedders Corp., 540 F.Supp. 706, 715-16 (S.D.N.Y. 1982) .......... 8

Creative Cabinet Corp. of Am., Inc. v. Future Visions Computer Store,
    528 N.Y.S.2d 596, 597 (N.Y. App. Div. 1988) .................................................... 7

Doe v. Dep't of Justice, 753 F.2d 1092, 1102 (D.C. Cir. 1985) .............................. 11

Downey v. Coalition Against Rape & Abuse, Inc., 143 F.Supp.2d 423,
    436-37 (D.N.J. 2001) ............................................................................................ 8

Duda v. Bd. of Ed. Of Franklin Park Pub. School Dist. No. 84, 133 F.3d 1054,
    1056-57 (7th Cir. 1988) ........................................................................................ 4

Fink v. Regent Hotel, Ltd., 650 N.Y.S.2d 216, 218 (N.Y. App. Div. 1996) .............. 7

Foman v. Davis, 371 U.S. 178, 182 (1962) ................................................................ 5

Glazer Steel Corp. v. Yawata Iron & Steel Co., Ltd., 56 F.R.D. 75, 79-80
    (S.D.N.Y. 1972) .................................................................................................... 8

ILGWU Nat'l Retirement Fund v. B.B. Liquidating Corp., 759 F.Supp. 128,
    131 (S.D.N.Y. 1991) ............................................................................................ 7

Jackson v. District of Columbia, 254 F.3d 262, 268 (D.C. Cir. 2001) .................. 5, 6

James v. Hurson Assoc., Inc. v. Glickman, 229 F.3d 277, 282-83
    (D.C. Cir. 2000) .................................................................................................... 3

Johnson v. State, 925 S.W.2d 834, 835 (Mo. 1996) .................................................. 7

Jones v. Louisiana through Bd. of Trustees for State Colleges & Univs.,
 764 F.2d 1183, 1186 (5th Cir. 1985) .................................................................. 6

Marshall County Health Care Auth. v. Shalala, 988 F.2d 1221, 1227
 (D.C. Cir. 1993) .................................................................................................. 9

McDonald v. Hall, 579 F.2d 120, 121 (1st. Cir. 1978) .................................................. 4

Motorcycle Stuff, Inc. v. Bryant, 356 S.E.2d 521, 522 (Ga. Ct. App. 1987) ............... 7

Nolen v. Fitzharris, 450 F.2d 958, 958 (9th Cir. 1971) ................................................ 4

Smith v. Blackledge, 451 F.2d 1201, 1202 (4th Cir. 1971) .......................................... 4

Transamerica Corp. v. Reliance Ins. Co., 884 F.Supp. 133, 140 (D. Del. 1995) ........ 7

U.S. for the Use & Benefit of Tucker v. Thomas Howell Kiewit (USA) Inc.,
 149 F.R.D. 125, 126 (E.D. Va. 1993) ................................................................. 4

Winterberg v. CNA Ins. Co., 868 F.Supp. 713, 717 (D. Pa. 1994) .............................. 6

**Other Authorities**

6 Wright & Miller Fed. Prac. & Proc. Civ.2d § 1474 .................................................. 8

Federal Rule of Civil Procedure 15(a) .................................................................... 3, 5

Rule 12(b)(2) ................................................................................................................ 9

Rule 12(b)(5) ................................................................................................................ 9

Rule 12(b)(6) ................................................................................................................ 9

### PLAINTIFF'S BRIEF IN RESPONSE TO DEFENDANT CIGNA'S MOTION TO QUASH SUMMONS AND TO DISMISS THE COMPLAINT

Plaintiff Robert Alvarez ("Alvarez"), individually and on behalf of all others similarly situated ("the Class"), filed the above-entitled action against Defendants CIGNA and The Insurance Company of North America ("INA"). Defendant CIGNA has moved to quash the summons and dismiss Alvarez's complaint against it on the basis that "CIGNA" is a trade name and not a legal entity. However, the Rules of Civil Procedure authorize Alvarez to amend its pleadings once before a responsive pleading has been filed. Concurrent with this response to CIGNA's motion, Alvarez is filing its First Amended Class Action Complaint. In doing so, Alvarez has cured the technical error forming the basis for CIGNA's claim, rendering moot the instant Motion. Additionally, Alvarez has made other adjustments, including amending the Class definition, to reflect the information produced by the Defendants in connection with the various Rule 12 Motions. For that reason, CIGNA's Motion to Quash Summons and to Dismiss the Complaint against it should be denied.

### BACKGROUND

On January 27, 2006, Alvarez commenced the above-entitled action on behalf of himself and all others similarly situated, alleging actual and constructive fraud, violation of trade practices law, and bad faith against Defendants CIGNA and INA in connection with certain long term care insurance policies which they sold Alvarez and members of the Class. Based both upon correspondence he received regarding his long-term care policy as well as the policy itself, Alvarez believed the policy to be issued, underwritten, or otherwise controlled by "CIGNA" or "CIGNA Group Insurance." See Affidavit of Timothy Q. Purdon (attached hereto as Exhibit 1), Exhibit A (Letter from Peter Brown of

1

November 18, 2004); Exhibit B (Letter from CIGNA group Insurance dated October 2004); and Exhibit C (Alvarez's Application for LTC Coverage). Therefore, Alvarez styled his Complaint as one against "CIGNA" and served the Complaint on the registered agent of CIGNA Corporation.

CIGNA now appears specially to assert that "CIGNA" is not a legal entity, but rather merely a trademark registered by CIGNA Corporation. In other words, CIGNA Corporation is the appropriate name for the defendant previously referred to as "CIGNA" in this action. Because named Defendant CIGNA has not filed a responsive pleading this matter, Alvarez may amend his Complaint as a matter of course. Even if the Federal Rules of Civil Procedure required Alvarez to petition this Court for leave to amend his Complaint, such leave would be properly granted. Not only was it reasonable for Alvarez to believe that the entity which issued his policy was known as "CIGNA," it is also clear that Alvarez intended to name CIGNA Corporation as a defendant. Alvarez's allegations are plainly directed toward CIGNA Corporation d/b/a CIGNA Group Insurance, and Alvarez served CIGNA Corporation with his Summons and Complaint. In other words, both the Rules and justice permit Alvarez to amend his Complaint to more specifically identify Defendant "CIGNA" as "CIGNA Corporation." Therefore, Plaintiff's First Amended Class Action Complaint, filed concurrently with this brief, names CIGNA Corporation d/b/a CIGNA Group Insurance as a defendant.

Plaintiff's First Amended Complaint also includes additional, more detailed factual allegations to support its claims including an amendment of the Class definition. These additional facts became known to the plaintiff upon receipt of the Motion to Dismiss of both Defendant CIGNA and Defendant INA and upon further review of Mr.

Alvarez's correspondence concerning his LTC policy. The resulting changes to the Complaint do not state additional claims, but merely provide additional support for previously stated claims.

## LAW AND ARGUMENT

### I. Amendment of the Complaint is Proper.

Plaintiff Alvarez is entitled to amend his Complaint to more specifically identify Defendant "CIGNA" as "CIGNA Corporation." Federal Rule of Civil Procedure 15(a) provides, in relevant part, that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served..." In other words, unless CIGNA has filed a "responsive pleading," Alvarez is permitted by rule to amend his complaint as a matter of course, and is not required first to request leave of this Court. Id.

No responsive pleading has been filed in this action. Although Defendant CIGNA filed a Motion to Dismiss Plaintiff's Complaint as to it, it is well-settled that such a motion is not a responsive pleading for purposes of Rule 15(a). James v. Hurson Assoc., Inc. v. Glickman, 229 F.3d 277, 282-83 (D.C. Cir. 2000) (plaintiff entitled as a matter of right to amend its complaint where federal rules of procedure guarantee plaintiff absolute right to amend its complaint once at any time before defendant had filed responsive pleading and defendant had filed no answer but only a motion to dismiss); Bowden v. U.S., 176 F.3d 552, 555 (D.C. Cir. 1999) (motion to dismiss or in the alternative for summary judgment not a responsive pleading); Adams v. Quattlebaum, 219 F.R.D. 195, 196 (D.D.C. 2004) (plaintiff enjoys absolute right to amend complaint once at any time prior to responsive pleading or granting of motion to dismiss); see also

McDonald v. Hall, 579 F.2d 120, 121 (1st. Cir. 1978) (neither motion to dismiss nor motion for summary judgment is a "responsive pleading" for purposes of rule entitling party to file amended pleading once prior to adverse party's serving responsive pleading); Centifanti v. Nix, 865 F.2d 1422, 1431 (3rd Cir. 1989) (plaintiff entitled as matter of course to amend his complaint, even though defendants had previously made motions to dismiss); Smith v. Blackledge, 451 F.2d 1201, 1202 (4th Cir. 1971) (motion to dismiss not responsive pleading for purpose of rule giving plaintiff freedom to amend complaint once as a matter of course before the filing of a "responsive pleading"); Duda v. Bd. of Ed. Of Franklin Park Pub. School Dist. No. 84, 133 F.3d 1054, 1056-57 (7th Cir. 1988) ("responsive pleading" does not include motion to dismiss); Nolen v. Fitzharris, 450 F.2d 958, 958 (9th Cir. 1971) (motion to dismiss not a "responsive pleading" within rule that party may amend his pleading once as a matter of course at any time before responsive pleading is served); Brever v. Rockwell Int'l Corp., 40 F.3d 1119, 1131 (10th Cir. 1994) (motion to dismiss not a responsive pleading).

Likewise, Defendant CIGNA's Motion to Quash Summons is not a "responsive pleading" within the meaning of Rule 15(a). See U.S. for the Use & Benefit of Tucker v. Thomas Howell Kiewit (USA) Inc., 149 F.R.D. 125, 126 (E.D. Va. 1993) (defendant's motion to quash service of process and motion to dismiss were not "responsive pleadings" that would limit the plaintiff's ability to amend complaint once as matter of course).

Therefore, Alvarez need not move this Court for leave to amend his Complaint; rather, the Rules of Civil Procedure permit Alvarez to amend his Complaint, as a matter of course, to properly identify Defendant CIGNA as CIGNA Corporation d/b/a CIGNA

Group Insurance and to further flesh out the factual allegations supporting its claims against the defendants.

## II. Justice Requires the Plaintiff Alvarez Be Permitted to Amend His Complaint.

Even if the rules did not permit Alvarez to amend his Complaint as a matter of right, Rule 15 permits the court to grant leave to amend a pleading. Fed. R. Civ. P. 15(a). A motion to amend should be "freely given when justice so requires" absent "any apparent or declared reason--such as undue delay, bad faith[,] ... [or] undue prejudice to the opposing party." Jackson v. District of Columbia, 254 F.3d 262, 268 (D.C. Cir. 2001) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962) and citing Fed. R. Civ. P. 15(a)). The present circumstances strongly suggest liberal application of this rule. The plaintiff's technical error in naming "CIGNA" rather than CIGNA Corporation d/b/a CIGNA Group Insurance obviously was not made in bad faith, and amendment of the Complaint results neither in prejudice to CIGNA Corporation nor undue delay of this matter. On the other hand, refusal of a motion to amend the Complaint in the instant situation would work considerable injustice to Alvarez and the Class, who have stated serious claims against the defendants, including claims of consumer fraud, for which they are entitled to significant legal remedy.

Further supporting the case for amendment is the fact that the only defect in the plaintiff's Complaint is the oversight in referring to CIGNA Corporation as "CIGNA Corporation" rather than "CIGNA." At best, this error is insignificant. It created no confusion for CIGNA Corporation, which has clearly been notified of the plaintiff's claims against it. The allegations of the Complaint made clear that the intended defendant was that party which participated in the sale and marketing of the long-term

5

care policies purchased by Alvarez and the Class, i.e., CIGNA Corporation. In fact, the application form for the policies in question actually bore CIGNA's trademark. See Affidavit of Timothy Q. Purdon, Exhibit C. In addition, CIGNA Corporation was the party actually served a Summons and Complaint, albeit a summons and complaint which referred to it as "CIGNA." Clearly, the corporate entity was on notice of the plaintiff's claim.

Moreover, because the plaintiff corrected its technical error immediately after the error came to his attention, and before CIGNA or CIGNA Corporation filed a responsive pleading, CIGNA Corporation cannot claim any prejudice either by this error or this Court's permitting the plaintiff to correct the error. It must also be noted that such an error was not made in bad faith, and actually was reasonable under the circumstances. CIGNA Corporation held itself out as "CIGNA" and/or "CIGNA Group Insurance." See Affidavit of Timothy Q. Purdon, Exhibits A, B, and C. It identified itself in correspondence and on the insurance policies sold to the Class as "CIGNA" and "CIGNA Group Insurance." Id. It was completely within reason that a policyholder believed that "CIGNA" was the proper defendant in an action against its insurer.

In similar cases of error only in the precise name of a party, courts routinely grant leave for amendment to more properly identify a named party. See, e.g., Jones v. Louisiana through Bd. of Trustees for State Colleges & Univs., 764 F.2d 1183, 1186 (5th Cir. 1985) (amendments to make technical changes concerning a party are proper under Rule 15(a)); Winterberg v. CNA Ins. Co., 868 F.Supp. 713, 717 (D. Pa. 1994) (permitting plaintiff to amend complaint to correct misnomer of insurer where plaintiff used incorrect name in good faith, insurer referred to itself by incorrect name on its correspondence, and

insurer received actual, timely notice of the action and was not otherwise harmed by the misnomer); ILGWU Nat'l Retirement Fund v. B.B. Liquidating Corp., 759 F.Supp. 128, 131 (S.D.N.Y. 1991) (plaintiff entitled to leave to amend complaint to correct actual name of corporation absent showing that corporation would suffer prejudice); Transamerica Corp. v. Reliance Ins. Co., 884 F.Supp. 133, 140 (D. Del. 1995) (plaintiffs were properly permitted to amend complaint to more precisely state appropriate defendants in insurance proceeding where plaintiffs named "Certain Underwriters of Lloyd's, London" as defendants where Lloyd's of London itself was not a legal entity but rather hundreds of syndicates associated with Lloyd's of London); see also Motorcycle Stuff, Inc. v. Bryant, 356 S.E.2d 521, 522 (Ga. Ct. App. 1987) (where the party plaintiff named in a complaint is not a legal entity by is reasonably recognizable as a misnomer for the legal entity which is the real party plaintiff, the misnomer may be corrected by amendment; such an amendment does not introduce a new party); see also Creative Cabinet Corp. of Am., Inc. v. Future Visions Computer Store, 528 N.Y.S.2d 596, 597 (N.Y. App. Div. 1988) (lower court correctly denied defendant corporation's motion to dismiss where plaintiff named corporation's trade name as defendant, and allegations of the complaint are such that corporation should have known that it was the proper party); Fink v. Regent Hotel, Ltd., 650 N.Y.S.2d 216, 218 (N.Y. App. Div. 1996) (permitting plaintiff to amend pleadings to reflect the true name of the defendant where the designated entity was the intended subject of the lawsuit, knew or should have known of the existence of the litigation against it, and would not be prejudiced thereby); Johnson v. State, 925 S.W.2d 834, 835 (Mo. 1996) (mere misnomer of defendant corporation is

immaterial if corporation is not misled and if there is no substantial mistake indicating intention on part of plaintiff to sue different entity).

It is also clear that leave to amend the Complaint to more thoroughly state the plaintiff's claims would be proper as well. See, e.g., Downey v. Coalition Against Rape & Abuse, Inc., 143 F.Supp.2d 423, 436-37 (D.N.J. 2001) (amendment allowed where it would not unduly prejudice defendants, where amended complaint only elaborated upon theories present in initial complaint and it did not present new causes of action, plaintiff's causes of action had not been materially changed between original complaint and proposed amendment, and amended complaint included greater specificity of detail); Chrysler Corp. v. Fedders Corp., 540 F.Supp. 706, 715-16 (S.D.N.Y. 1982) (leave to amend properly granted where party is merely restating a claim already in issue, or if discovery has not proceeded very far, or if trial is not imminent, or if party merely seeks to add new instances of prior statutory violations, or if opposing party alleges only delay without alleging prejudice); 6 Wright & Miller Fed. Prac. & Proc. Civ.2d § 1474 ("A party may make amendment to amplify a previously alleged claim or defense."); see also Glazer Steel Corp. v. Yawata Iron & Steel Co., Ltd., 56 F.R.D. 75, 79-80 (S.D.N.Y. 1972) (motion for leave to amend should not be denied merely because scope of discovery would be broadened if amendment was permitted).

In short, the error of which CIGNA complains is minor, and even if that error had not been remedied by the plaintiff's First Amended Class Action Complaint, filed herewith, leave to amend to more specifically identify the defendant CIGNA Corporation would be proper. Likewise, leave to amend the Complaint in order to articulate

8

additional allegations based upon facts learned since the original Complaint was served would be properly granted.

### III. Alvarez's Allegations Against CIGNA Corporation Should Not be Dismissed.

Finally, it appears that Defendant CIGNA attempts to make an "in the alternative" argument with respect to its Motion to Dismiss.[1] That is, CIGNA argues that its Motion should be granted regardless of whether CIGNA or CIGNA Corporation is the named defendant in this action. Yet CIGNA devotes only five sentences to this argument in its brief and provides no meaningful basis for its assertion, stating only that CIGNA Corporation is merely a holding company and that its products and services are provided exclusively by its subsidiaries. Even if such a statement were true, CIGNA's motion should be denied, as both the Complaint, cured of any misnomer, and the First Amended Class Action Complaint state claims against CIGNA Corporation.

It is well-settled that a district court, when appraising the sufficiency of a complaint under Rule 12(b)(6), should look only within the four corners of the complaint, and should accept the plaintiff's allegations as true and construe those allegations in the light most favorable to the pleader. Marshall County Health Care Auth. v. Shalala, 988 F.2d 1221, 1227 (D.C. Cir. 1993). In fact, the Federal Rules of Civil Procedure "erect a powerful presumption against rejecting pleadings for failure to state a claim." Auster Oil & Gas Inc. v. Stream, 764 F.2d 381, 386 (5th Cir. 1985)). Applying the Rule 12(b)(6)

---

[1] Although Defendant CIGNA states that its Motion was brought pursuant only to Rules 12(b)(2) and 12(b)(5), it apparently also wished to base its motion on Rule 12(b)(6) by effectively alleging that the plaintiff has failed to state a claim against CIGNA Corporation. Giving Defendant CIGNA the benefit of this doubt, the plaintiff will treat this alternative claim as one based upon Rule 12(b)(6) (failure to state a claim upon which relief can be granted).

standard, it cannot be disputed that the plaintiff's well-pleaded Complaint sets out claims against CIGNA Corporation for both actual and constructive fraud, as well as violations of unfair trade practices laws and tortious breach of the implied covenant of good faith and fair dealing.

The plaintiff's Complaint clearly alleges that CIGNA, or more properly CIGNA Corporation d/b/a CIGNA Group Insurance, participated in the development, marketing, sale, and service of the long-term care policies purchased by Alvarez and the Class, and it is these activities which form the basis of the plaintiff's claims of actual and constructive fraud, fair trade practices laws violations, and bad faith. See Class Action Complaint. It is also true that CIGNA Corporation's trademark appears on the application form for the LTC insurance sold to Alvarez and the Class, indicating that such policies were secured or otherwise endorsed or insured by CIGNA Corporation. See Affidavit of Timothy Q. Purdon, Exhibit C. Likewise, correspondence received by the plaintiff regarding his policy apparently was sent by "CIGNA Group Insurance." See Affidavit of Timothy Q. Purdon, Exhibits A and B. Such endorsement further indicates that CIGNA Corporation exercised a degree of control over Defendant INA and "CIGNA Group Insurance" and participated in the preparation and servicing of policies sold to Alvarez and the Class. Id. In short, the documents given to the plaintiff regarding his long term care policies belie CIGNA's claim that it is merely a holding company, that INA is merely its subsidiary, and that it had no involvement in the legal violations alleged in the Complaint.

Construing the plaintiff's allegations in the light most favorable to the plaintiff, there is no question that the plaintiff and the Class are entitled to relief. The suggestion that the Complaint did not adequately make out such allegations against CIGNA

Corporation relies entirely upon the fact that the plaintiff inadvertently named CIGNA, and not CIGNA Corporation, in pleading his claims. The plaintiff's First Amended Complaint has remedied this technical error, and clearly and in detail sets out claims against CIGNA Corporation d/b/a CIGNA Group Insurance. As a result, even if Defendant CIGNA had supported its argument that CIGNA Corporation was not involved with the long-term care policies in question, its Motion to Dismiss nevertheless should be denied. Resolution of any such factual dispute as to the precise role of CIGNA Corporation with regard to the long-term care policies at issue in this matter is a matter for the trier of fact and is not appropriate upon the instant motion to dismiss. See Doe v. Dep't of Justice, 753 F.2d 1092, 1102 (D.C. Cir. 1985) (when deciding a Rule 12(b)(6) motion, "the factual allegations of the complaint must be taken as true and *any* ambiguities or doubts concerning the sufficiency of the claim must be resolved in favor of the pleader") (emphasis in original).

In sum, the plaintiff's Complaint, amended to refer to "CIGNA" as "CIGNA Corporation d/b/a CIGNA Group Insurance," clearly states a claim against CIGNA Corporation. CIGNA a/k/a CIGNA Corporation has offered nothing to refute the plaintiff's allegations against it, and taking those allegations as true, its Motion to Dismiss is without foundation and should be denied.

## CONCLUSION

For the foregoing reasons, Plaintiff Robert Alvarez, individually and on behalf of all other similarly situated, respectfully requests this Court deny Defendants' Motion to Dismiss.

Dated this 3rd day of ~~April~~ May, 2006.

JAMES & HOFFMAN
EDGAR N. JAMES
(D.C. Bar No. 333013)
Amy Fettig, Esq.
(D.C. Bar No. 484883)
1101 Seventeenth St. N.W., Suite 510
Washington, DC 20036
(202) 496-0500

KANNER & WHITELEY
ALLAN KANNER (LA#20580)
CONLEE S. WHITELEY (LA#22678)
701 Camp Street
New Orleans, LA 70130
(504) 524-5777

VOGEL LAW FIRM
TIMOTHY Q. PURDON (ND#05392)
MONTE L. ROGNEBY (ND#05029)
200 North 3rd Street, Suite 201
P.O. Box 2097
Bismarck, ND 58502-2097
(701) 258-7899

PERRY PEARCE BENTON, ESQ.
(Bar No. ASB-2159-N66P)
32330 Sandpiper Dr.
Orange Beach, AL 36561
(251) 980-2640

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 3rd day of May, 2006, I caused a copy of the foregoing Plaintiff's Brief in Response to Defendant Cigna's Motion to Quash Summons and to Dismiss the Complaint to be served upon the following and in the manner stated below:

James F. Jorden, Esq.  **Via E-Mail**
Raul A. Cuervo, Esq.  rac@jordenusa.com
Jorden Burt, LLP  **Via U.S. Mail**
1025 Thomas Jefferson Street, N.W.
Suite 400 East
Washington, D.C. 20007-5208


_____
Amy Fettig