# PLAINTIFF'S EXHIBIT E

# MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER

Document1; 4/24/2006; 16:41:51;
Document1

Peter Brown
Asst. Director
Customer Advocacy

January 3, 2005

RECEIVED
JAN 0 6 2005
MARYLAND INSURANCE
ADMINISTRATION



CIGNA Group Insurance
Life · Accident · Disability

Routing TL23B
1601 Chestnut Street
Two Liberty Place
Philadelphia, PA 19192
Telephone 215.761.1862
Facsimile 215.761.3135
Peter.Brown@cigna.com

Michele McCoy
Insurance Investigator
Maryland Insurance Administration
525 St. Paul Place
Baltimore, Maryland 21202-2272

RE: **Insurance Company of North America    NAIC# 22713**
Insured:    Robert Alvarez
Complainant: David Alvarez
Dept. File #:    66248-L-2004-MM-C

Dear Ms. McCoy:

I am writing in response to your letter dated December 23rd which was received by our office on December 30th, 2004. The policy in question is a group policy and is sitused in the District of Columbia. In previous correspondence with a Ms. Spector of your Department regarding the long-term care policy rate increase, we explained the factors which would exclude this matter from Maryland's jurisdictional authority. We indicated that we were not aware of any requirement applicable in this situation at the time which would have required the filing of premium rates in your state. Following is a summary of the research on which we based our conclusion that Maryland's long-term care rate filing requirement does not apply to certificates issued in the state at the time ours were issued.

Regulation 31.14.02.06 limits the applicability of the rate increase filing requirements contained in Maryland statute §18-116 to long-term care policies or certificates issued in your state after October 1, 2002. The policy in question was issued in the District of Columbia in 1988, and the insured's certificate was issued in 1989.

For policies like this, which are not subject to the rate filing requirement, subsection 31.13.02.05 of the code imposes a minimum loss ratio requirement of 60%. When the recent rate increase and projected future rate increase for this policy are factored in, the loss ratio will continue to exceed the 60% minimum required by your state. A more detailed explanation of the calculations used to support our minimum loss ratio conclusions was made available to your Department in our previous correspondence.

"CIGNA" and "CIGNA Group Insurance" are registered service marks and refer to various operating subsidiaries of CIGNA Corporation. Products and services are

January 3, 2005
Page 2

Regarding Mr. Alvarez' letter of November 29th to Paul Spector of your Department, we wish to correct a misstatement he made in item 2 of his letter regarding our submission of rate information to the State of Connecticut. While our initial submission was disapproved due to a misunderstanding, we have since clarified the information provided and resubmitted it to the state where it is currently pending approval. No final determination has yet been made, and no order to refund premiums has been imposed at his time.

We trust this satisfies your concerns, and we thank you for your time and consideration in this matter.

Sincerely,

*Peter Brown*

Peter Brown