UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Robert Alvarez | ) | |
| 1419 Southeast 43rd Terrace | ) | Civil Action No. 1:06CV00145 |
| Ocala, FL 34471, | ) | |
| individually, and on behalf of all others | ) | |
| similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | THE HONORABLE |
| | ) | EMMET G. SULLIVAN |
| v. | ) | |
| | ) | |
| CIGNA Corporation d/b/a | ) | |
| CIGNA Group Insurance and | ) | |
| The Insurance Company of North America, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION OF DEFENDANTS CIGNA CORPORATION AND THE
INSURANCE COMPANY OF NORTH AMERICA FOR STAY PENDING
RESOLUTION OF THE MOTION TO TRANSFER VENUE**

Defendants Insurance Company of North America and CIGNA Corporation d/b/a

CIGNA Group Insurance[1] ("Defendants"), by and through their undersigned counsel,

hereby move for a stay of other proceedings pending resolution of the Motion to Transfer

Venue. In the alternative, Defendants request that the Court deem the pending Motion to

Dismiss and Motion to Quash Summons and Dismiss the Complaint as applicable to the

Amended Complaint and grant Defendants twenty (20) days from entry of an Order on

---

[1]    Plaintiff has styled this action to include as a defendant "CIGNA Corporation d/b/a CIGNA Group
Insurance." Defendant CIGNA Corporation does not do business as "CIGNA Group Insurance," and any
reference herein to "d/b/a CIGNA Group Insurance" shall not be deemed an admission of the accuracy of
such reference.

the Motion to Stay in which to reply to Plaintiff's oppositions to such motions.[2]  In support thereof, Defendants state:

1.    The Court has the power to stay proceedings where the interests of judicial economy and the interests of the parties, including the potential for prejudice as a result of the delay, weigh in favor of a stay. *See Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998); *IBT/HERE Employee Representatives' Council v. Gate Gourmet Div. Americas*, 402 F. Supp. 2d 289, 292 (D.D.C. 2005).

2.    Judicial economy is best served by allowing "the court which ultimately decides the merits of the action [to] also decide the various questions which arise during the pendency of the suit instead of considering it in two courts." *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 30 (3d Cir. 1970).

3.    The requested stay is for a reasonable and well-defined period of time. Granting this brief stay will not result in prejudice to any party.

4.    With regard to Defendants' alternative request if the Court denies Defendants' Motion for Stay, although the pending motions to dismiss were addressed to the original complaint, "the court may consider [them] in reviewing the amended complaint to the extent that defects remain." *Nix v. Hoke*, 62 F. Supp. 2d 110, 115 (D.D.C. 1999). The interests of judicial economy and of the parties would be served by deeming the pending motions to dismiss as addressing the Amended Complaint

5.    This Motion is brought in good faith and not for purposes of delay.

---

[2]    CIGNA Corporation has separately filed a Joinder to the Pending Motion to Transfer Venue, Motion to Quash Summons and Dismiss the Complaint and Motion to Dismiss. Accordingly, CIGNA Corporation requests the relief sought herein.

## CERTIFICATE OF COMPLIANCE WITH LCvR 7(m)

In accordance with LCvR 7(m), counsel for Defendants conferred with Edgar N. James, Esq., counsel for Plaintiff, before filing this Motion to seek his consent to Defendants' request for a stay of proceedings pending resolution of the Motion to Transfer Venue. Plaintiff opposes the relief requested.

**WHEREFORE,** Defendants Insurance Company of North America and CIGNA Corporation request that the Court enter an Order staying other proceedings pending resolution of the Motion to Transfer Venue. Should the Court deny Defendants' Motion to Stay, Defendants alternatively request that (1) the Court deem the pending Motion to Dismiss and Motion to Quash Summons and Dismiss the Complaint as applicable to the Amended Complaint and (2) that the Court enter an Order granting Defendants twenty (20) days from entry of an Order on the Motion to Stay in which to reply to Plaintiff's Opposition to the Motion to Dismiss and Plaintiff's Opposition to the Motion to Quash Summons and Dismiss the Complaint.

Dated: May 12, 2006                    Respectfully submitted,


                                       /s/ James F. Jorden
                                       James F. Jorden (D.C. Bar No. 37598)
                                       Raul A. Cuervo (D.C. Bar No. 463718)
                                       Stephen H. Goldberg (D.C. Bar No. 465113)
                                       JORDEN BURT LLP
                                       1025 Thomas Jefferson Street, N.W.
                                       Suite 400 East
                                       Washington, DC 20007-5208
                                       Telephone: 202-965-8100
                                       Facsimile: 202-965-8104

                                       Counsel for Defendants Insurance Company
                                       of North America and CIGNA Corporation
                                       d/b/a CIGNA Group Insurance