UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Robert Alvarez,<br>1419 Southeast 43rd Terrace,<br>Ocala, FL 34471,<br>individually, and on<br>behalf of all others similarly<br>situated,<br><br>          Plaintiff,<br><br>v.<br><br>CIGNA Corporation d/b/a CIGNA<br>Group Insurance and<br>The Insurance Company of<br>North America,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Case No. 1:06CV00145<br><br><br><br><br><br><br><br><br><br>The Honorable<br>Emmet G. Sullivan |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
DEFENDANTS CIGNA CORPORATION AND THE INSURANCE
COMPANY OF NORTH AMERICA FOR STAY PENDING
<u>RESOLUTION OF THE MOTION TO TRANSFER VENUE</u>**

Defendants Insurance Company of North America and CIGNA Corporation d/b/a CIGNA Group Insurance[1] ("Defendants"), by and through the undersigned counsel, hereby move this Court to stay other proceedings pending resolution of the Motion to Transfer Venue, and in support thereof state as follows:

**I.   INTRODUCTION**

In his Class Action Complaint ("Original Complaint") and First Amended Class Action Complaint ("Amended Complaint"), Plaintiff purports to represent a nationwide class, raising claims predicated on allegations that Defendants intentionally underpriced

---

[1]   Plaintiff has styled this action to include as a defendant "CIGNA Corporation d/b/a CIGNA Group Insurance." Defendant CIGNA Corporation does not do business as "CIGNA Group Insurance," and any reference herein to "d/b/a CIGNA Group Insurance" shall not be deemed an admission of the accuracy of such reference.

the long-term care ("LTC") insurance sold to Plaintiff in 1992 with the undisclosed plan to increase premiums twelve years later. Such conduct is alleged to give rise to claims for (i) actual fraud, (ii) constructive fraud, (iii) violation of the District of Columbia Consumer Procedures and Protection Act, (iv) tortious breach of an implied covenant of good faith and fair dealing, and (v) punitive damages.

Plaintiff was a resident of Maryland at the time he purchased his LTC coverage and when the premium rate increase at issue was effected; he is currently a resident of Florida. Defendants' principal places of business are located in Pennsylvania. Because Plaintiff's claims sound in tort and neither the Plaintiff nor Defendants are residents of the District of Columbia, and none of the alleged tortious conduct occurred within the District of Columbia, this Court has little if any interest in adjudicating this matter. In the interest of preserving the valuable and limited resources of the Court, as well as the parties' resources, the most efficient course of action is for this Court to determine the appropriate venue for this action before considering other pending motions. Only after the Court determines the appropriate venue for this action should judicial resources be expended to consider the substantive issues related to the other pending motions.

## II.   PROCEDURAL HISTORY

Plaintiff filed his Class Action Complaint on January 27, 2006. A Motion to Transfer Venue, a Motion to Quash Summons and Dismiss the Complaint, and a Motion to Dismiss the Complaint were filed on March 22, 2006. On May 3, 2006, Plaintiff filed his Opposition to the Motion to Transfer Venue, Opposition to the Motion to Quash Summons and Dismiss the Complaint, and Opposition to the Motion to Dismiss. Also on May 3, 2006, Plaintiff filed his Amended Complaint. The Amended Complaint is

substantially similar to the Original Complaint and alleges the same causes of action. Plaintiff has represented to the Court that "[t]he resulting changes to the Complaint do not state additional claims, but merely provide additional support for previously stated claims." Pl. Br. in Opp'n to Mot. to Quash Summons & Dismiss the Compl. at 3.

### III. ARGUMENT

#### A. Standards For Granting Stay

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *IBT/HERE Employee Representatives' Council v. Gate Gourmet Div. Americas*, 402 F. Supp. 2d 289, 292 (D.D.C. 2005), quoting *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998). In determining whether to grant a stay, "the court must balance the interests of the parties." *Ellsberg v. Mitchell*, 353 F. Supp. 515, 517 (D.D.C. 1973), citing *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936). "[T]he initial burden must be on the defendant applying for a stay to demonstrate a need, *however slight*, which justifies a delay in the proceedings." *Id.* (emphasis added). "Only after the applicant for a stay has carried this initial burden must the court balance the competing interests of the parties." *Id.* If a stay is granted, it must be framed such that its duration is within reasonable limits and does not continue for "an immoderate stretch of time." *Landis*, 299 U.S. at 257.

#### B. Balance of Interests Weighs In Favor of A Stay Of Proceedings

Defendants seek only a brief delay in proceedings, including the adjudication of certain pending motions, until this Court has resolved the threshold question of the most convenient venue for this action. The nature of this action and of the several pending

motions provides ample justification for this delay. This putative class action case will involve many complex issues. The pending motions already present complex questions involving, *inter alia*, choice of law, whether Plaintiff has adequately pleaded his fraud claims, and whether the District of Columbia Consumer Procedures and Protection Act applies to the conduct Plaintiff alleges. Judicial economy would best be served by determining the most appropriate forum before expending limited resources on complex substantive issues. *See IBT/HERE Employee Representatives' Council*, 402 F. Supp. 2d at 293 (granting stay in the interest of judicial economy).

Judicial economy, as well as considerations of reasonable and equitable disposition of an action, supports the position that substantive questions of law that will have permanent impact on the proceedings be left to the determination of the court that will ultimately hear the case. "To undertake a consideration of the merits of the action is to assume, even temporarily, that there will be no transfer before the transfer issue is decided." *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 30 (3d Cir. 1970). "Judicial economy requires that another district court should not burden itself with the merits of the action until it is decided that a transfer should be effected." *Id.* "[S]uch consideration additionally requires that the court which ultimately decides the merits of the action should also decide the various questions which arise during the pendency of the suit instead of considering it in two courts." *Id.* Therefore, the threshold venue issue should be determined before the court in which venue is ultimately determined to be appropriate addresses the other pending motions or other substantive issues in the case.

Furthermore, no party will be prejudiced by granting the requested stay. In the Motion to Transfer Venue, Defendants' expressly requested that the Court consider the

4

Motion to Transfer Venue prior to the other concurrently filed motions (Mot. to Transfer Venue at 1), and Plaintiff did not object to such request. In any event, the requested stay is for a reasonable and well-defined period of time and is not sought for the purpose of undue delay.

C.  **Alternative Request For Relief**

If the Court denies Defendants' Motion for Stay, Defendants request that the Court deem the pending Motion to Dismiss and Motion to Quash Summons and Dismiss the Complaint as applicable to the Amended Complaint and allow Defendants to file replies to Plaintiffs opposition to such motions within twenty (20) days from entry of an Order on the Motion to Stay.[2] As the Plaintiff himself states, "[t]he resulting changes to the Complaint do not state additional claims, but merely provide additional support for previously stated claims." Pl. Br. in Opp'n to Mot. to Quash Summons & Dismiss the Compl. at 3. "Defendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending." *Rasul v. Bush*, 215 F. Supp. 2d 55, 58 n.3 (D.D.C. 2002), *rev'd on other grounds*, 254 U.S. 466 (2004), quoting 6 Wright & Miller, *supra*, at § 1476. Although the motions were addressed to the original complaint, "the court may consider [them] in reviewing the amended complaint to the extent that defects remain." *Nix v. Hoke*, 62 F. Supp. 2d 110, 115 (D.D.C. 1999). In short, the interests of judicial economy and of the parties would be served by deeming the pending motions to dismiss as addressing the Amended Complaint.

---

[2]  CIGNA Corporation has separately filed a Joinder to the Pending Motion For Transfer, Motion to Quash Summons and Dismiss the Complaint and Motion to Dismiss. Accordingly, CIGNA Corporation requests the relief sought herein.

## IV.  CONCLUSION

For all of the foregoing reasons, Defendants CIGNA Corporation and The Insurance Company of North America respectfully request that the Court enter an Order staying other proceedings pending resolution of the Motion to Transfer Venue. Should the Court deny Defendants' Motion to Stay, Defendants alternatively request that (1) the Court deem the pending Motion to Dismiss and Motion to Quash Summons and Dismiss the Complaint as applicable to the Amended Complaint and (2) that the Court enter an Order granting Defendants twenty (20) days from entry of an Order on the Motion to Stay in which to reply to Plaintiff's oppositions to such motions.

Dated: May 12, 2006                                     Respectfully submitted,

/s/ James F. Jorden
James F. Jorden (D.C. Bar No. 37598)
Raul A. Cuervo (D.C. Bar No. 463718)
Stephen H. Goldberg (D.C. Bar No. 465113)
JORDEN BURT LLP
1025 Thomas Jefferson Street, N.W.
Suite 400 East
Washington, DC  20007-5208
Telephone: 202-965-8100
Facsimile:  202-965-8104

Counsel for Defendants Insurance Company
of North America and CIGNA Corporation
d/b/a CIGNA Group Insurance

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing Motion for Stay Pending Resolution of the Motion to Transfer Venue, Memorandum in Support of the Motion For Stay Pending Resolution of the Motion to Transfer Venue and Proposed Order were served via electronic filing on this 12th day of May, 2006, upon the following:

Edgar N. James, Esq.<br>
Amy B. Fettig, Esq.<br>
JAMES & HOFFMAN, P.C.<br>
1101 Seventeenth St., N.W., Suite 510<br>
Washington, D.C. 20036

and by first class mail, postage paid, on the following:

Allan Kanner, Esq.<br>
Conlee S. Whiteley, Esq.<br>
KANNER & WHITELEY<br>
701 Camp Street<br>
New Orleans, LA 70130<br>
<br>
Timothy Q. Purdon, Esq.<br>
Monte L. Rogneby, Esq.<br>
VOGEL LAW FIRM<br>
200 North 3rd Street, Suite 201<br>
P.O. Box 2097<br>
Bismarck, ND 58502-2097<br>
<br>
Perry Pearce Benton, Esq.<br>
32516 Sandpiper Drive<br>
Orange Beach, AL 36561-5728

/s/ James F. Jorden
James F. Jorden