UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Robert Alvarez, 1419 Southeast 43rd Terrace, Ocala, FL 34471, individually, and on behalf of all others similarly situated, Plaintiff, | ) | Civil Case No. 1:06CV00145 |
| v. | ) | The Honorable Emmet G. Sullivan |
| CIGNA and The Insurance Company of North America, Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE DEFENDANTS INA AND CIGNA'S MOTION FOR STAY PENDING RESOLUTION OF THE MOTION TO TRANSFER VENUE**

MAY IT PLEASE THE COURT:

Now comes, Plaintiff Robert Alvarez, individually and on behalf of all others similarly situated, and files this Memorandum of Points and Authorities in Opposition to Defendants', Insurance Company of North America ("INA") and CIGNA Corporation d/b/a CIGNA Group Insurance ("CIGNA")(collectively "Defendants"), Motion for Stay Pending Resolution of the Motion to Transfer Venue.

## INTRODUCTION

On March 22, 2006, CIGNA filed a Motion to Quash Summons and Dismiss Complaint. On

the same day, INA filed a Motion to Dismiss and a Motion to Transfer Venue.[1] In their Motion for Stay, Defendants request that (1) the Court stay this matter until the Court has ruled on the Motion to Transfer Venue, and (2) in the alterative, that Defendants be given twenty (20) days from that date the Court rules on the Motion to Stay to file reply briefing on their Motions to Dismiss.

First, Defendants' request for a stay in this matter should be denied because (1) Defendants have made no showing that any irreparable injury will result if a stay is not granted and (2) the Court can manage the rulings on the various motions in this case without the necessary delay involved in a stay.

Second, Defendants alternative request for an extension of time to file reply briefing on the Motions to Dismiss is untimely. The Defendants have had more than the time allowed by the Local Rules to submit their reply briefing on the Motion to Dismiss. The Court should not allow INA and CIGNA to overlay their own set of rules on this matter and should order that the Defendants immediately file any reply briefing on the Motions to Dismiss.

## ARGUMENT

### I. Defendants Have Not Alleged or Shown Any Hardship or Inequity to Warrant a Stay of These Proceedings.

Whether to order a stay "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis,* 299 U.S. at 252. (citing *Kansas City Southern R. Co. v. United States*, 282 U.S. 760, 763, 51 S.Ct. 304, 305, 306, 75 L.Ed. 684; *Enelow v. New York Life Ins. Co.*, 293 U.S. 379, 382, 55 S.Ct. 310, 311, 79 L.Ed. 440). The mover "must make out a

---

[1] CIGNA's Motion to Quash Summons and Dismiss Complaint and INA's Motion to Dismiss, are referred to hereinafter collectively as "Motions to Dismiss".

clear case of hardship or inequity." *Id.* Here, Defendants have not alleged or shown any hardship or inequity that would call for this Court to stay these proceedings. Any efforts the parties make in briefing the Motions to Dismiss must be expended in any event. Accordingly, there is no hardship or inequity to Defendants.

The Supreme Court has "warned against stays 'for an immoderate stretch of time.'" *Bradley v. Triplex Shoe Co.*, 66 A.2d 208, 209 (D.C.App. 1949)(citing *Landis v. North American Co.*, 299 U.S. 248, 254, 257, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936)(emphasis added). Here, Defendants seek a stay while the Court decides the Motion to Transfer Venue. As of the date of this writing, the date for the hearing on the Motion for Transfer has not been set. As a result, Defendants request for stay is for a stay of "an immoderate stretch of time." During this immoderate period of stay, there are certain procedural mechanisms that would be precluded, such as discovery, which would unduly restrict the Plaintiff. On the other hand, this Court has inherent power to control its docket through measures less extraordinary than issuing a stay.

**II. This Court Can Adequately Address Defendants' Concerns Through Its Inherent Power of Case Management.**

Courts have great discretion to manage their dockets. *Harris v. Ladner*, 828 A.2d 203, 205 (D.C. 2003). *See also Halmon v. Jones Lang Wootton USA*, 355 F.Supp.2d 239, 245 (D.D.C. 2005)(citing *Shepherd v. Am. Broad. Companies, Inc.*, 62 F.3d 1469, 1474-75 (D.C.Cir.1995) (noting the potency of inherent powers and the need for courts to exercise them with restraint)); *McSheffrey v. Executive Office for U.S. Attorneys*, 2001 WL 674640, *1 (C.A.D.C. 2001)(citing *Mendez v. Banco Popular De Puerto Rico*, 900 F.2d 4 (1st Cir.1990); *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145 (D.C.App. 1996)(holding that the district

court exercised its prerogative to manage its docket, and its discretion to determine how best to accomplish this goal).

Even if the court agrees that the motion to transfer should be heard first, it can accomplish that without a stay. Such a request questions the Court's capability to manage the case. For this reason alone, the Court should deny Defendants' Motion for Stay.

## III. Defendants' Alternative Request for an Extension of the Filing Deadline for Reply Briefs should be denied.

Defendants have requested that this Court extend the deadline to file reply briefing to Plaintiffs' Memorandums of Points in Opposition to the Motions to Dismiss. The Court should deny this request and has the authority to do so pursuant to the Court's inherent discretion to manage its docket as described above. *See Halmon,* 355 F.Supp.2d at 245.

The Defendants have had the time allowed by the Local Rules to submit their reply briefing on the Motion to Dismiss. Alvarez filed a Response in Opposition to the Defendant Motions to Dismiss on May 3, 2006. Under Local Rule 7(d), Defendants had five (5) days to file any reply briefing on the Motions to Dismiss. This five day time period expired on May 10, 2006.[2] Defendants filed the pending Motion for Stay (with alterative request to extend the them period for submission of Defendants' reply briefing on the Motions to Dismiss) on May 12, 2006. Defendants' have now had more than the five (5) days allowed by Local Rule 7(d) to submit their reply briefing and should be ordered to submit this briefing immediately.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Stay Pending Resolution of the Motion

[2]Under Fed. R.Civ.P. 6(a) weekends are not counted in determining this five day period.


to Transfer Venue should be denied and Defendants' alternate request for an extension of time to file reply briefing on the Motion to Dismiss should be denied.

Dated this 23 day of May, 2006.

Respectfully submitted,

JAMES & HOFFMAN
EDGAR N. JAMES
(DC Bar No. 333013)
AMY FETTIG
(DC Bar No. 484883
1101 Seventeenth St. N.W., Suite 510
(202) 496-0500

KANNER & WHITELEY
ALLAN KANNER (LA #20580)
CONLEE S.WHITELEY (LA #22678)
AYLIN R. AÇIKALIN MAKLANSKY
(LA #30195)
701 Camp Street
New Orleans, LA 70130

VOGEL LAW FIRM
TIMOTHY Q. PURDON (ND#05392)
MONTE L. ROGNEBY (ND#0529)
P.O. Box 2097
Bismarck, ND 58502-2097
(701) 258-7899

PERRY PEARCE BENTON
(Bar No. ASB-2159-N66P)
32330 Sandpiper Dr.
Orange Beach, AL 36561
(251) 980-2630

**Attorneys for Plaintiff**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day of May, 2006, a copy of the foregoing was forwarded via first-class mail, postage prepaid to:

James F. Jorden
Raul A. Cuervo
Stephen H. Goldberg
Jorden Burt LLP
1025 Thomas Jefferson Street, N.W.
Suite 400 East
Washington, D.C. 20007-5208

Edgar N. James