UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Robert Alvarez | ) | |
| 1419 Southeast 43rd Terrace | ) | Civil Action No. 1:06CV00145 |
| Ocala, FL 34471, | ) | |
| individually, and on behalf of all others | ) | |
| similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | THE HONORABLE |
| | ) | EMMET G. SULLIVAN |
| v. | ) | |
| | ) | |
| CIGNA Corporation d/b/a | ) | |
| CIGNA Group Insurance and | ) | |
| The Insurance Company of North America, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR STAY
PENDING RESOLUTION OF THE MOTION TO TRANSFER VENUE**

Defendants, CIGNA Corporation[1] and Insurance Company of North America ("INA") (collectively, "Defendants"), file this Reply Memorandum in Support of Defendants' Motion for Stay Pending Resolution of the Motion to Transfer Venue. For the reasons stated herein and in the Motion for Stay, the Court should stay other proceedings pending resolution of Defendants' Motion to Transfer Venue to the Eastern District of Pennsylvania Pursuant to 28 U.S.C. § 1404(a) (the "Transfer Motion").

**I.    INTRODUCTION**

Courts must consider and balance several factors in determining whether a stay should be granted. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (Court's power to control its

---

[1]    In his First Amended Class Action Complaint (the "Amended Complaint"), Plaintiff has styled this action to include as a defendant "CIGNA Corporation d/b/a CIGNA Group Insurance." Defendant CIGNA Corporation does not do business as "CIGNA Group Insurance," and any reference herein to "d/b/a CIGNA Group Insurance" shall not be deemed an admission of the accuracy of such reference.

docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."). These factors include judicial economy, hardship to the movant in the absence of a stay, and the potential for prejudice to the non-movant resulting from a stay. *Rivers v. Walt Disney Co.,* 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). Judicial economy is a paramount consideration inasmuch as, if judicial resources would be conserved, a stay may be appropriate even in the presence of prejudice to the non-moving party *or* the absence of hardship to the movant. *See, e.g., Nat'l Shopmen Pension Fund v. Folger Adam Sec., Inc.*, 274 B.R. 1, 3 (D.D.C. 2002).

As explained in Defendants' Memorandum of Law in Support of the Motion for Stay and herein, judicial economy weighs overwhelmingly in favor of the requested stay. At the same time, Plaintiff has failed to demonstrate the potential for any recognizable prejudice to him. In the absence of the stay, however, Defendants could face the hardship of duplicative motion practice and discovery. The degree of such hardship, or whether it is certain to occur, does not prevent the stay given the overriding interest of judicial economy that will be served by the stay and the absence of any prejudice to Plaintiff arising therefrom.

The requested stay is for a reasonable and brief period of time, and should be granted.

## II.     PROCEDURAL HISTORY

Plaintiff filed his Class Action Complaint (the "Original Complaint") on January 27, 2006. Defendants filed the Transfer Motion on March 22, 2006. Also on March 22, 2006, Defendants filed a Motion to Dismiss, and a Motion to Quash Summons and Dismiss the Complaint was filed in respect of originally named Defendant "CIGNA" (collectively referred to as "Motions to Dismiss").[2] On May 3, 2006, Plaintiff filed his Opposition to the Transfer

---

[2]     Defendant CIGNA Corporation was not a party when the Transfer Motion and Motions to Dismiss were filed. CIGNA Corporation filed a Joinder to such motions on May 12, 2006.

Motion, his oppositions to the Motions to Dismiss, and his Amended Complaint. Defendants filed their reply to Plaintiff's opposition to the Transfer Motion on May 31, 2006.

Defendants filed a Motion for Stay Pending Resolution of the Motion to Transfer Venue ("Stay Motion") on May 12, 2006. On May 23, 2006, Plaintiff filed his Corrected Memorandum of Points and Authorities in Opposition to the Defendants INA and CIGNA's Motion for Stay Pending Resolution of the Motion to Transfer Venue ("Stay Opposition"), to which Defendants hereby reply. On June 2, 2006, Plaintiff filed a Motion for Class Certification.[3]

## III.    THE REQUESTED STAY IS REASONABLE AND BRIEF IN DURATION.

A stay is deemed to be immoderate only if it is of indefinite duration in the absence of a pressing need. *Nat'l Airmotive Corp. v. Gov't & State of Iran*, 499 F. Supp. 401, 406 (D.D.C. 1980). *See also Landis*, 229 U.S. at 255 ("All the cases . . . could have been adequately disposed of on the ground that discretion was abused by a stay of indefinite duration in the absence of a pressing need."). The stay Defendants request will be lifted in the near future upon the occurrence of a specific event entirely within this Court's control – the issuance of its ruling on Defendants' pending Transfer Motion. Thus, the requested stay is for a well-defined and short period of time, and any argument that Plaintiff makes that the requested stay is immoderate, or that Defendants otherwise seek only to delay, must fail.

Courts commonly grant stays that will be lifted upon the occurrence of a specific event, or where the non-moving party fails to present any evidence that the stay will be indefinite. *See,*

---

[3]      Defendants believe that proceedings on Plaintiff's Motion for Class Certification should be stayed for reasons, which will be set forth in a separate motion, including the need for discovery. *See Alexander v. F.B.I.*, 971 F. Supp. 603, 611-12 (D.D.C. 1997) (deferring consideration of class certification motion pending discovery). *See also Curtin v. United Airlines, Inc.*, 275 F.3d 88, 92 (D.C. Cir. 2001) ("the word 'practicable' [in Fed. R. Civ. P. 23(c)] allows for wiggle room – enough to make the order of disposition of motions . . . a question of discretion for the trial court") (quotation and citations omitted). Furthermore, such motion should be decided by the court that will ultimately adjudicate the merits of this action. Defendants will file a separate motion to stay proceedings on the Motion for Class Certification in the event that the parties are unable to reach agreement on a comprehensive [proposed] case management order.

*e.g., Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) (stay pending resolution of motion to transfer granted because non-moving party "[did] not present any evidence that a transfer . . . will take months" and "fail[ed] to indicate why the delay would prejudice him"); *SmithKline Beecham Corp. v. Apotex Corp.*, Nos.Civ.A. 99-CV-4304, 00-CV-4888, 01-CV-0159, 01-CV-2169, 99-CV-2926, 00-CV-5953, 02-CV-1484, 00-CV-1393, 03-CV-3365, 2004 WL 1615307, at *9 (E.D. Pa.  July 16, 2004) (granting motion to stay because requested stay was of "'moderate length, and not [ ] of indefinite duration which require[s] a party to take affirmative steps for dissolution.'") (quoting *Cheyney State Coll. Faculty v. Hufstedler*, 703 F.2d 732, 738 (3d Cir. 1983)) (alteration in original).[4]  Moreover, courts have held that stays are of reasonable duration and entirely appropriate in circumstances similar to those present here – pending resolution of the threshold question of venue. *See, e.g., Good*, 5 F. Supp. 2d at 804; *Am. Seafood, Inc. v. Magnolia Processing, Inc.*, Civ. A. Nos. 92-1030, 92-1086, 1992 WL 102762, at *1 (E.D. Pa. May 7, 1992) (granting stay that would be in effect only until Judicial Panel on Multidistrict Litigation issued decision on motion to transfer).

The requested stay is for a brief, readily determinable period of time, and should be granted.

## IV.     JUDICIAL ECONOMY AND EQUITY TO THE PARTIES SUPPORT A STAY.

### A.     Judicial Economy Clearly Favors a Stay.

Judicial economy is an important factor in weighing a motion to stay. *See Rivers*, 980 F. at 1360 (stay is "appropriate when it serves the interests of judicial economy and efficiency"). Indeed, the courts have indicated that judicial economy is a paramount consideration in that

---

[4]     The *SmithKline* court rejected the argument that the stay should be denied due to uncertainty as to when the Federal Circuit would rule on a motion for an en banc review of its decision, or when the Supreme Court would act on an anticipated petition for a writ of certiorari. 2004 WL 1615307, at *9.  The court granted the stay because it would remain in effect only until the moving party exhausts its appeals and because "any party may move the Court for relief from the stay if it feels that the stay has extended too long or otherwise outlived its usefulness." *Id.*

prejudice to a non-moving party or the lack of hardship to a moving party would not, by themselves, lead to a denial of a motion to stay if judicial resources would be conserved thereby. *See, e.g., Nat'l Shopmen Pension Fund*, 274 B.R. at 3 (granting stay because "[l]itigating essentially the same issues in two separate forums is not in the interest of judicial economy or in the parties' best interests regarding time, cost, and effort").

Courts have routinely found that their dockets are best managed by staying proceedings until a motion to transfer is decided.   *See, e.g., Rivers*, 980 F. Supp. at 1362 ("a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending").   *See also Portnoy v. Zenith Labs.*, Civ. A. No. 86-3512, 1987 WL 10236, at *1 (D.D.C. Apr. 21, 1987) (recognizing that courts use their inherent power of case management to ensure that judicial resources are conserved).   The Third Circuit has explained clearly why considerations of judicial economy compel the adjudication of a motion to transfer prior to other proceedings.

> To undertake a consideration of the merits of the action is to assume, even temporarily, that there will be no transfer before the transfer issue is decided.   Judicial economy requires that another district court should not burden itself with the merits of the action until it is decided that a transfer should be effected and such consideration additionally requires that the court which ultimately decides the merits of the action should also decide the various questions which arise during the pendency of the suit instead of considering it in two courts.

*McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 30 (3d Cir. 1970).

In the instant case, judicial economy similarly requires that this Court not burden itself with the merits of this action until it first decides the Transfer Motion.   The time, effort, and resources expended in considering the Motions to Dismiss would prove unnecessary and wasted

if the transfer is effected.[5]  In sum, considerations of judicial economy weigh overwhelmingly in favor of the requested stay of proceedings.

**B.    Defendants Face Potential Hardship in the Absence of a Stay.**

Given the number and nature of pending matters, Defendants face potential hardship or inequity if a stay is not granted.  The current procedural status of this action includes the Original Complaint and the Amended Complaint.   Pending (in addition to the instant motion) are Defendants' Transfer Motion and the two Motions to Dismiss, to which Plaintiff has filed his oppositions, as well as Plaintiff's Motion for Class Certification.

Defendants have requested that, if the Transfer Motion is denied, the Court treat the Motions to Dismiss as being directed at the Amended Complaint.  If this case is transferred, however, the District Court for the Eastern District of Pennsylvania may require Defendants to start afresh and file a new motion, or motions, to dismiss.  Most courts consider refiling of motions and duplicative litigation as hardships or prejudicial harm that would weigh in favor of granting a stay.  *See*, *e.g.*, *Am. Seafood,* 1992 WL 102762, at *2 (ruling that possibility of duplicative motion practice and discovery proceedings demonstrates that prejudice to the defendants weighs heavily in favor of stay); *see also Portnoy*, 1987 WL 10236, at *1 ("Because the Court finds that it would be most efficient to avoid such duplication, the Court finds that a stay is in the interests of all parties.").  In any event, if this matter may be transferred, it is better to allow the transferee court to clarify the record.  *See*, *e.g., Marsh v. Johnson*, 263 F. Supp. 2d 49, 53 (D.D.C. 2003) (denying motion requiring defendant to refile his motions, deeming such repetition an "arduous and an unnecessary time-consuming process").

---

[5]      It cannot be gainsaid that a court learns a great deal about a case in the process of resolving a motion to dismiss.  The court that becomes educated through this process should be the court that will ultimately decide the merits of that and other motions in the case.  Defendants believe that court should be the District Court for the Eastern District of Pennsylvania.  Even if the Court should rule otherwise, the delay will not be great or "immoderate."

The requested stay would serve the interests of justice[6] while advancing judicial economy. Moreover, as discussed below, Plaintiff will not endure any harm if the stay is granted.

### C.     Plaintiff Will Not Be Prejudiced by the Stay.

Plaintiff argues that the preclusion of certain procedural mechanisms, such as discovery, would unduly restrict him. (Stay Opposition at 3.) As an initial matter, discovery has yet to commence in this action. In any event, courts have repeatedly held that a temporary stay of proceedings and discovery, prior to a decision on a motion to transfer, does not constitute prejudicial delay that outweighs considerations of judicial economy and hardship to defendants. *See Arthur-Magna, Inc. v. Del-Val Fin. Corp.*, CIV. A. No. 90-4378, 1991 WL 13725, at \*1 (D.N.J. Feb. 1, 1991) (considerations of judicial economy and hardship to defendants outweigh delay caused by a temporary stay). *See also McDonnell Douglas Corp.*, 429 F.2d at 30 (holding that district court must rule on motion to transfer prior to any discovery on the merits); *Rivers*, 980 F. Supp. at 1362 (holding that delay in discovery prior to decision on motion to transfer is not prejudicial delay, and, in any event, would be outweighed by interests of judicial economy).

The undue restriction that Plaintiff asserts carries no weight. Courts commonly stay discovery pending resolution of a motion to dismiss. *See, e.g., Sparrow, III v. United Air Lines*,

---

[6]     Plaintiff's assertion, in purported reliance on *Landis*, that Defendants "must make out a clear case of hardship or inequity" is misleading and inappropriate. (*See* Stay Opposition at 2-3.) Plaintiff misleads by failing to include the cited passage in its entirety. The *Landis* court in fact stated that the movant "must make out a clear case of hardship or inequity in being required to go forward, *if there is even a fair possibility that the stay for which he prays will work damage to some one else.*" 299 U.S. at 255 (emphasis added). (Plaintiff incorrectly cites to page 252 of *Landis*; the cited passage actually appears at page 255.) As explained herein, Plaintiff makes no showing of any potential for recognizable prejudice from the stay. Moreover, Plaintiff relies inappropriately even on the misleading excerpt he presents because it is inapposite to the circumstances of the instant case. The *Landis* court was addressing a stay in one action pending resolution of proceedings in a *separate action. Id.* at 255-56. Consequently, at issue was a stay of indefinite duration, wherein "a litigant in one cause [is] compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Id.* at 255. The case at bar presents no such concerns because the requested stay is for a well-defined, short period of time and will be lifted upon the occurrence of a specific event *relating solely to this case.* Furthermore, as explained herein, Plaintiff faces no prejudice, Defendants have demonstrated the potential for hardship, and interests of judicial economy clearly support the stay.

*Inc.*, 216 F.3d 1111, 1117 (D.C. Cir. 2000) (noting district court's stay of discovery pending its decision on a motion to dismiss); *Charles v. Washington*, No. 02-7160, 2003 WL 1907970, at *1 (D.C. Cir. Apr. 17, 2003) (same); *Stanton v. D.C. Court of Appeals*, No. 99-7093, 1999 WL 1007366, at *1 (D.C. Cir. Oct. 20, 1999) (same).  Moreover, if the Court grants the Transfer Motion, the transferee court will have the power to lift the stay if it deems such action appropriate, or allow it to remain in place until the transferee court rules on the Motions to Dismiss.

Plaintiff's failure to show that the temporary stay requested by Defendants would substantially prejudice his rights so as to outweigh considerations of judicial economy and hardship to Defendants further weighs in favor of granting Defendant's motion.  *See Rivers*, 980 F. Supp. at 1360 (granting stay where non-moving party failed to show that it would be prejudiced if the Court granted motion to stay); *Twin Cities Galleries, LLC v. Media Arts Group, Inc.*, No. CIV.02-2013 DSD/SRN, 2006 WL 1331471, at *2 (D. Minn. May 15, 2006) (court favored stay where parties opposing stay "[had] not identified a direct manner in which staying . . . will cause them substantial injury").

## V.    COURTS LIBERALLY GRANT REQUESTS FOR ENLARGEMENT OF TIME.

Defendants have requested that, if the Court denies the Stay Motion, they be granted twenty (20) days from the Court's ruling to file their replies in support of their Motions to Dismiss.[7]  Plaintiff, however, argues that the Court should allow only five (5) days after its ruling on the Transfer Motion for Defendants to file their replies.

The complexity of this case and the number of motions involved require that, in the interests of justice, the enlargement of time requested by Defendants be granted.  *See Landis*, 299

---

[7]    If the Court grants the Transfer Motion, the transferee court would determine the proper timing and procedure for briefing on the Motions to Dismiss.

U.S. at 254 (every court has inherent power to "control the disposition of causes on its docket"); *Anderson v. Stanco Sports Library, Inc.*, 52 F.R.D. 108, 110 (D.S.C. 1971) (courts have broad discretion, and rules governing enlargement of time "must be liberally construed . . . so that justice may be served"). Defendants have recently filed their reply in support of the Transfer Motion. They now file their reply in support of the Stay Motion. In order to clearly state their position, Defendants must additionally file replies to Plaintiff's oppositions to the two Motions to Dismiss. Moreover, Plaintiff has filed an Amended Complaint that the Defendants must address, and Plaintiff has just filed his Motion for Class Certification to which Defendants must respond. The numerous issues involved in these filings make it reasonable and equitable to grant the Defendants' request.

## VI.    CONCLUSION

For the foregoing reasons, and for the reasons set forth in Defendant's opening Memorandum of Law in Support of the Transfer Motion, Defendants CIGNA Corporation and Insurance Company of North America respectfully request that the Court enter an Order staying other proceedings pending resolution of the Motion to Transfer Venue. Should the Court deny Defendants' Motion for Stay, Defendants alternatively request that (1) the Court deem the pending Motion to Dismiss and Motion to Quash Summons and Dismiss the Complaint as applicable to the Amended Complaint, and (2) that the Court enter an Order granting Defendants twenty (20) days from entry of Order on the Motion to Stay in which to reply to Plaintiff's oppositions to the pending Motion to Dismiss and Motion to Quash Summons and Dismiss the Complaint.

Dated:  June 5, 2006                        Respectfully submitted,

/s/  James F. Jorden
James F. Jorden (D.C. Bar No. 37598)
Raul A. Cuervo (D.C. Bar No. 463718)
Stephen H. Goldberg (D.C. Bar No. 465113)
JORDEN BURT LLP
1025 Thomas Jefferson Street, N.W.
Suite 400 East
Washington, DC  20007-5208
Telephone: 202-965-8100
Facsimile:  202-965-8104

Counsel for Defendants CIGNA Corporation
d/b/a CIGNA Group Insurance and Insurance
Company of North America

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Reply Memorandum In Support of Motion for Stay was served via electronic filing on this 5th day of June, 2006, upon the following:

Edgar N. James, Esq.
Amy B. Fettig, Esq.
JAMES & HOFFMAN, P.C.
1101 Seventeenth St., N.W., Suite 510
Washington, D.C. 20036

and by first class mail, postage paid, on the following:

Allan Kanner, Esq.
Conlee S. Whiteley, Esq.
KANNER & WHITELEY
701 Camp Street
New Orleans, LA 70130

Timothy Q. Purdon, Esq.
Monte L. Rogneby, Esq.
VOGEL LAW FIRM
200 North 3rd Street, Suite 201
P.O. Box 2097
Bismarck, ND 58502-2097

Perry Pearce Benton, Esq.
32516 Sandpiper Drive
Orange Beach, AL 36561-5728

/s/ James F. Jorden
James F. Jorden