UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| Robert Alvarez,<br>1419 Southeast 43rd Terrace,<br>Ocala, FL 34471,<br>individually, and on<br>behalf of all others similarly<br>situated,<br><br>            Plaintiff,<br>v.<br><br>CIGNA Corporation d/b/a<br>CIGNA Group Insurance and<br>The Insurance Company of<br>North America,<br><br>            Defendants. | Civil Case No. 1:06-CV-00145<br><br>The Honorable Emmet G. Sullivan |

## SCHEDULING/DISCOVERY PLAN

Pursuant to Rule 26(f), counsel for the parties certify that they conferred to discuss the nature and basis of their clients' claims and defenses, the possibilities for a prompt settlement or resolution of the case, and a proposed discovery plan. After conferring, counsel for the parties have agreed upon the following:

A.   <u>Briefing Schedule on Motion to Transfer and Motion to Dismiss</u>:

The following substantive Motions have been filed in this case:

(1)   Motion of Defendants CIGNA Corporation d/b/a CIGNA Group Insurance[1] ("CIGNA Corporation") and Insurance Company of North America ("INA") to Transfer Venue (briefed);

---

[1] In his First Amended Class Action Complaint (the "Amended Complaint"), Plaintiff has styled this action to include as a defendant "CIGNA Corporation d/b/a CIGNA Group Insurance." Defendant CIGNA Corporation does not do business as "CIGNA Group Insurance," and any reference herein to "d/b/a CIGNA Group Insurance" shall not be deemed an admission of the accuracy of such reference.

(2) Defendants' Motion to Stay Other Proceedings Pending Resolution of the Motion to Transfer Venue (Stay Motion) (briefed);

(3) Motion of Defendants CIGNA Corporation and INA to Dismiss (Fed. R. Civ. P. 12(b)(6)) (briefing incomplete and pending ruling on Stay Motion);

(4) Motion of Defendant CIGNA Corporation to Quash Summon and Dismiss (Fed. R. Civ. P. 12(b)(2) and (5)) (briefing incomplete and pending ruling on Stay Motion); and

(5) Plaintiff's Motion for Class Certification (briefing incomplete and pending Scheduling Order);

Defendants CIGNA Corporation and INA have requested a hearing on the Motion to Transfer and have requested that this motion be heard prior to the other motions. A Hearing on the Motion to Transfer will be held on [date to be established, if at all, by Court].

B.  Rule 26(a)(1) Disclosures:

The parties agree to and propose that disclosures under Fed. R. Civ. P. 26(a)(1) be made within 30 days after the Court's ruling on Defendant CIGNA's and INA's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

C.  Deadline for Joinder of Parties and Amendment of Pleading:

The parties propose the deadline to join parties or amend pleadings to be 15 days after the conclusion of the discovery period as set forth below.

D.  Discovery Period:

Discovery in the matter shall commence after the Court's ruling on Defendants CIGNA Corporation's and INA's Motion to Dismiss (Fed. R. Civ. P. 12(b)(6)) and shall conclude 300 days after such ruling.

E.  Class Certification Briefing:

The Defendants' Brief in Opposition to Class Certification will be due (if necessary) 160 days after the Court's ruling on Defendants CIGNA Corporation's and INA's Motion to Dismiss. Plaintiff's Reply brief shall be due 30 days after the service of the Defendants' Brief. Defendants shall be entitled to a sur-reply which shall be due (if necessary) 30 days after service of the Plaintiff's Reply brief.

F.  Expert Witness Disclosure:

(1) The parties do not propose any limitations on the use or number of expert witnesses at this time.

(2) Within 45 days following the end of discovery, parties shall designate all experts that they plan to use in connection with merits issues for which that party bears the burden of proof and provide opposing counsel with Expert Reports containing all information specified in Fed. R. Civ. P. 26(a)(2).

(3) Within 30 days following the disclosure of expert witnesses, the parties shall submit the names of all rebuttal experts that they plan to use in connection with merits issues, if any, and with Expert Reports containing all information specified in Fed. R. Civ. P. 26(a)(2).

(4) <u>Expert Witness Discovery</u>: The parties shall complete expert discovery relevant to merits issues within 60 days after the disclosure of rebuttal experts as detailed in subsection F.(3).

G. <u>Dispositive Motion Deadline</u>:

The parties propose that dispositive motions be filed no later than 60 days after the close of all discovery. Such motions may be filed earlier. Oppositions to dispositive motions shall be served within 30 days after service of the motion. Replies are to be served within 20 days thereafter.

H. <u>Interrogatory Schedule</u>:

The parties anticipate the use of interrogatories and propose that they be generally allowable throughout the discovery period, as limited by the Federal Rules of Civil Procedure.

I. <u>Schedule for Request for Production of Documents</u>:

The parties anticipate the use of document requests and propose that they be generally allowable throughout the discovery period, as limited by the Federal Rules of Civil Procedure.

J. <u>Discovery Limitations</u>:

(1) The parties will agree to follow the restrictions set forth in the Federal Rules of Civil Procedure.

(2) The parties will observe a seven (7) hour limit on the length of depositions, but reserve the right to seek from the Court a pre-depositions extension of the length of a deposition.

(3) The parties propose to limit the number of Interrogatories to forty (40), of Requests for Production of Documents to forty (40), and of

Requests for Admissions to twenty-five (25), but reserve the right to seek extension of such limits from the Court.

K.  Other Scheduling Issues:

(1) [Hearing on Dispositive Motions as set by the Court.]

(2) Motions *in limine* due 30 days before pretrial conference.

(3) Pretrial Statements due 11 days before pretrial conference.

(4) [Pretrial conference as scheduled by the Court.]

(5) Trial briefs due 7 days before trial date.

(6) [Trial as scheduled by the Court.]

Counsel for the defendants has consented to permit counsel for the plaintiff to sign for him.

Respectfully submitted,

_____
James F. Jorden (D.C. Bar No. 37598)
Raul A. Cuervo (D.C. Bar No. 463718)
Stephen H. Goldberg (D.C. Bar No. 465113)
JORDEN BURT, LLP
1025 Thomas Jefferson Street, N.W.
Suite 400 East
Washington, D.C. 20007-5208
Telephone: 202-965-8100
Facsimile: 202-965-8104

Counsel for Defendant Insurance Company
of North America and CIGNA Corporation
d/b/a CIGNA Group Insurance

_____
Edgar N. James
D.C. Bar No. 333013
JAMES & HOFFMAN, P.C.
1101 17th Street, N.W., Suite 510
Washington, DC 20036
Phone: 202-496-0500
Fax:    202-496-0555

Counsel for Plaintiff Robert Alvarez

Dated: July 20, 2006

## **CERTIFICATE OF SERVICE**

I hereby certify that I have on this 20th day of July, 2006, caused a copy of the foregoing correspondence and Scheduling/Discovery Plan to be served upon the following via electronic mail and first class U.S. mail:

>James F. Jorden, Esq.
>Raul A. Cuervo, Esq.
>Jorden Burt, LLP
>1025 Thomas Jefferson Street, N.W.
>Suite 400 East
>Washington, D.C.  20007-5208

_____
Edgar N. James