UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
ROBERT ALVAREZ, individually, )
and on behalf of all others   )
similarly situated,           )
                              )
          Plaintiffs,         )
                              )
     v.                       )    Civil Action No. 06-145 (EGS)
                              )
                              )
CIGNA CORPORATION             )
and THE INSURANCE             )
COMPANY OF NORTH AMERICA,     )
                              )
          Defendants.         )
```

**ORDER**

Plaintiff[1] brings this action against insurance companies CIGNA and the Insurance Company of North America ("INA"), alleging that defendants sold and renewed Long Term Care insurance policies that were underpriced. Compl. at ¶ 4. According to plaintiff, defendants planned to pass the cost of the underpricing back to him through premium increases. *Id.* Plaintiff's complaint raises claims of (1) actual fraud;(2) constructive fraud; (3) unlawful trade practices; and (4) breach of an implied covenant of good faith. *Id.* Plaintiff seeks economic and non-economic damages $5,000,000 and punitive damages. *Id.*

The Court's subject matter jurisdiction is founded upon the

---

[1] Although plaintiff's First Amended Complaint is styled as a Class Action complaint, this Court has not certified a class pursuant to Federal Rule of Civil Procedure 23(c). In this Order, the Court expresses no opinion about the disposition of plaintiff's class action allegations.

diversity of the parties. 28 U.S.C. § 1332. Plaintiff is resident of Florida, and defendants are both headquartered in Philadelphia, Pennsylvania. Compl. at ¶ 1; Dasilva-Neto Aff. at ¶ 4. Plaintiff completed the application to purchase the insurance while he resided in Maryland. Compl. at ¶ 10. At no time has any party resided in the District of Columbia.

Pending before the Court is defendants' motion to transfer this case to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a) and LcvR 7(a).[2] Defendants argue that nearly all of the acts complained of took place in Pennsylvania or Maryland. Furthermore, defendants contend that the majority of witnesses and documents relevant to this action are located not in the District, but rather in Philadelphia, Pennsylvania. Upon consideration of defendants' motion, the response and reply thereto, and the entire record, defendants' motion is **GRANTED**.

Under section 1404(a), a district court may transfer a civil action to any other district where it could have been brought "for the convenience of the parties and witnesses, in the interest of justice."[3] 28 U.S.C. § 1404(a). Although

---

[2] Defendant INA filed the initial motion to transfer on March 22, 2006. Defendant CIGNA joined the motion to transfer on May 12, 2006.

[3] In weighing the conveniences of the parties, the Court may consider private-interest factors such as: (1) the plaintiff's choice of forum, unless the balance of convenience is strongly in

plaintiff's choice of forum is generally afforded deference, that deference is "substantially" reduced when, as in this case, the plaintiff "neither resides in, nor has any substantial connection to, that forum." *DeLoach v. Phillip Morris Cos., Inc.*, 132 F. Supp. 2d 22, 24 (D.D.C. 2000).

In this case, defendants have met their burden of demonstrating that the conveniences of the parties and witnesses favor transfer. Because plaintiff resides in Florida, he will not suffer any additional inconvenience by litigating the case in Pennsylvania instead of the District of Columbia. Further, plaintiff has not argued that potential class members reside in the District. On the other hand, because the majority of the key witnesses and documents are located in Pennsylvania, Dasilva-Neto Aff. at ¶ 8, the transfer will significantly increase the convenience of the defendants.

In addition, plaintiff's claim appears to have little connection to the District of Columbia. Plaintiff's claim has stronger ties to either Maryland, where he resided when he

---

favor of the defendant; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof. *Trout Unlimited v. Dep't of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996). The Court may also consider public-interest factors, including: (1) the transferee's familiarity with the governing law; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home. *Id.*

purchased coverage, or in Pennsylvania, where the policy was developed and where major decisions were made. Plaintiff argues that material information and misrepresentations about the policies were communicated to him and other policy holders through uniform promotional sales and marketing documents and form letters distributed by defendants through the American Chemical Society ("ACS"), in the District. The ACS form letters were, however, simply form letters. Plaintiff makes no suggestion that the major decisions and alleged wrongdoing by defendants took place in the District. *See Berenson v. Nat'l Fin. Servs.*, LLC, 319 F. Supp. 2d 1, 4 (D.D.C. 2004) (finding that claims arose in Massachusetts because "corporate decisions underlying plaintiffs' claims were made in Boston.").

Therefore, because the balance of the conveniences of the parties and witnesses clearly favor a transfer, and because this case has minimal connection to the District of Columbia, it is hereby **ORDERED** that defendants' motion to transfer venue is **GRANTED**; and it is

**FURTHER ORDERED** that this case be transferred to the United States District Court for the Eastern District of Pennsylvania.

SO ORDERED.

**Signed by:**     **EMMET G. SULLIVAN**
          **UNITED STATES DISTRICT JUDGE**
          **August 21, 2006**